IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HAROLD BUTLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | )   Case No. CIV-06-946-F |
| | ) |
| EXPRESS PERSONNEL, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

On September 7, 2006, this court entered an order directing plaintiff to show cause in writing why this case should not be dismissed without prejudice for lack of federal subject matter jurisdiction. Plaintiff responded to the order on September 11, 2006. In an order dated September 13, 2006, the court concluded that plaintiff had failed to show cause and dismissed the action without prejudice to refiling due to a lack of federal subject matter jurisdiction. Contemporaneous with the order, the court entered a judgment dismissing the action without prejudice to refiling due to a lack of federal subject matter jurisdiction.

Presently before the court is plaintiff's motion to proceed and allow him to establish federal subject matter jurisdiction, filed September 15, 2006 (doc. no. 8). It appears to the court that plaintiff, with his motion, is seeking reconsideration of the court's ruling. The motion, however, does not specify whether it is filed pursuant to Rule 59(e), Fed. R. Civ. P., or Rule 60(b), Fed. R. Civ. P. The Tenth Circuit has held that district courts "should evaluate postjudgment motions filed within ten days of judgment based on the reasons expressed by the movant, not the timing of the motion." Jennings v. Rivers, 394 F.3d 850, 855 (10th Cir. 2005). In the instant case,

plaintiff does not provide the reasons for reconsideration. In an abundance of caution and because plaintiff is proceeding *pro se*, the court evaluates the motion under both Rule 59(e) and Rule 60(b).

A motion for reconsideration under Rule 59(e) is to be "granted only to correct manifest errors of law or to present newly discovered evidence." Phelps v. Hamilton, 122 F.3d 1309, 1324 (10th Cir. 1997). The court does not discern manifest error in its dismissal of this case without prejudice. In addition, there is no showing on the part of plaintiff of any new evidence in regard to the court's federal subject matter jurisdiction that was not in existence at the time plaintiff's complaint was filed or at the time plaintiff responded to the court's order requiring plaintiff to show cause why his complaint should not be dismissed for lack of federal subject matter jurisdiction. The court therefore concludes that plaintiff is not entitled to reconsideration of the court's order under Rule 59(e).

As to relief from the court's judgment under Rule 60(b), such relief is "extraordinary and may only be granted in exceptional circumstances." Allender v. Raytheon Aircraft Co., 439 F.3d 1236, 1242 (10th Cir. 2006). Rule 60(b) permits a court to relieve a party from a final judgment for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. *Id.*; Fed. R. Civ. P. 60(b). A litigant demonstrates exceptional circumstances by satisfying at least one of Rule 60(b)'s six grounds for relief. *Id.*

It does not appear to the court that grounds two, three, four or five would apply to the circumstances of this case.  The court therefore examines the other two grounds.  Rule 60(b)(1) provides that a district court may grant relief from a judgment due to "mistake, inadvertence, surprise or excusable neglect."  "[T]he 'mistake' provision in Rule 60(b)(1) provides for the reconsideration of judgments only where: (1) a party has made an excusable litigation mistake . . ., or (2) where the judge has made a substantive mistake of law or fact."  Cashner v. Freedom Stores, Inc., 98 F.3d 572, 576 (10th Cir.1996).  Plaintiff does not argue that the court made a substantive mistake of law or fact.  In addition, plaintiff has not indicated that he made any litigation mistake.  However, the court notes that the kinds of litigation mistakes remediable under Rule 60(b)(1) are those mistakes that a party could not have protected against.  A party who simply misunderstands or fails to predict the legal consequences of his deliberate acts cannot, after the lesson is learned, turn the clock back to undo the mistake.  Id., at 577.  Here, it appears that plaintiff may not have understood the legal consequences for his failure to adequately show the existence of federal subject matter jurisdiction, when directed by the court.  The court, however, concludes that such mistake is not sufficient to warrant relief under Rule 60(b)(1).  The court also concludes that such conduct would not be sufficient to warrant relief under Rule 60(b)(1) for inadvertence.  "Excusable neglect, " for purposes of Rule 60(b)(1), is understood to encompass situations where the failure to comply with a deadline is attributable to negligence.  Jennings, 394 F.3d at 856.  Here, plaintiff has not indicated the reason why he failed to establish federal subject matter jurisdiction as directed by the court.  Nor has he presented any facts with his motion for the court to examine that he in fact could establish federal subject matter jurisdiction.  Therefore, the court

concludes that plaintiff is not entitled to relief from the judgment under Rule 60(b)(1) based upon excusable neglect.[1]

Rule 60(b)(6) permits relief from a judgment for "any other reason justifying relief." This rule has been described as the "grand reservoir of equitable power to do justice in a particular case." Van Skiver v. U.S., 952 F.2d 1241, 1244 (10th Cir. 1991). Although the plaintiff is proceeding *pro se*, it does not appear to the court that any unusual or compelling circumstances are present to warrant relief under Rule 60(b)(6). Accordingly, the court concludes that plaintiff is not entitled to relief under Rule 60(b).

Based upon the foregoing, plaintiff's motion to proceed and to allow him to establish federal subject matter jurisdiction, filed September 15, 2006 (doc. no. 8), is **DENIED**.

DATED this 27th day of September, 2006.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

06-0946p004(pub).wpd

---

[1] As previously stated, plaintiff has not provided any reasons for his motion. Without any elaboration on the reasons for this motion, the court cannot conclude that plaintiff is entitled to relief under Rule 60(b)(1) on the basis of surprise.